**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-3530

Burlington Northern Railroad Company,   *
                                     *

          Appellant,            *   Appeal From the United States

     v.                           *   District Court for the District of

                                    *   North Dakota.

Farmers Union Oil Co., of Rolla,      *

a corporation.                    *

                                    *

          Appellee.            *

                                    *

_____

Submitted: March 14, 1997
Filed: May 21, 1997

_____

Before WOLLMAN and BEAM, Circuit Judges, and REASONER,[1] District Judge.

_____

BEAM, Circuit Judge.

This diversity case requires us to interpret a portion of an indemnity clause of an industrial railroad track lease. The district court determined that the indemnity clause had not been triggered by an accident because the events at issue did not occur "on or near" the leased premises. We reverse.

---

[1]The Honorable Stephen M. Reasoner, Chief United States District Judge for the Eastern District of Arkansas, sitting by designation.

## I.    BACKGROUND

Farmers Union Oil Company (Farmers Union) maintains a fertilizer plant in Rolla, North Dakota.  The plant is next to a spur line off the main track of the Burlington Northern Railroad Company (BN) and is located between two facilities maintained by the Rolla Grain Company ("Rolla Grain").  The two businesses share the side track and have identical track lease agreements with BN which contain an indemnity clause providing:

> Lessee [Farmers Union] also agrees to indemnify and hold harmless Lessor [BN] for loss, damage, injury or death from any act or omission of Lessee, Lessee's invitees, licensees, employees, or agents, to the person or property of the parties hereto and their employees, and to the person or property of any other person or corporation **while on or near said premises**; and if any claim or liability, other then from fire, shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally.

Jt. App. at 194 (emphasis added).

The parties dispute whether this indemnification clause was triggered by the 1987 injury of Teddy Cahill, a Rolla Grain employee, when he fell from a moving grain car. On April 10 of that year, Farmers Union received and unloaded two railroad cars, one of which had a brake that was sticking.[2]  The Farmers Union employees did not report the defective brake to BN, but did warn a Rolla Grain employee of the problem.  That employee pulled the empty cars to Rolla Grain and loaded them.  Over the weekend, BN delivered twenty-six additional cars for loading.  The following Monday, Cahill and his co-worker began loading these empty grain cars.  To do this, Cahill stood

---

[2]There is some dispute as to the date the car was received and as to which of the two cars had the defective brake.  Neither of these contentions is relevant to our determination here.

on top of the cars, while his co-worker stayed on the ground. Before the empty cars could be loaded, however, the two cars that had been filled Friday had to be moved. When Cahill's co-worker could not release the sticky brake, he called Cahill down for assistance. The two released the brake without incident, but as Cahill resumed his perch, he slipped, fell under another car and was injured.

Cahill sued BN alleging that if the brake had not been defective on the car unloaded by Farmers Union, he would not have been required to climb down to help release it. Thus, his theory of liability was that BN had placed him in the "zone of danger" by supplying a defective car that required his assistance in releasing the brake. BN tendered defense of Cahill's suit to Farmers Union on the theory that the failure of its employees to notify BN of the defective brake and the transfer of the defective car to Rolla Grain constituted an act and/or omission that triggered the indemnification clause of the lease. Farmers Union refused the tender of defense. BN then moved for summary judgment in its favor on Cahill's claim, arguing that the defective car brake was not the proximate cause of Cahill's injuries. That motion was denied, and BN eventually settled the Cahill case for $400,000.

BN then sought $200,000 each from Farmers Union and Rolla Grain under their respective leases. Farmers Union refused to pay, and BN filed this diversity action. The district court granted Farmers Union's motion for summary judgment on the grounds that the accident did not occur "on or near" Farmers Union's property. BN appeals.

## II.    DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same standard as the district court, examining the record in the light most favorable to the nonmoving party. Lang v. Star Herald, 107 F.3d 1308, 1311 (8th Cir. 1997). Summary judgment is appropriate when the evidence "show[s] that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"[A]n industry's obligation to indemnify a railroad under an industrial track agreement is a contractual duty and not a duty arising under the common law of tort." Burlington N., Inc. v. Bellaire Corp., 921 F.2d 760, 763 (8th Cir. 1990) (quotation omitted).  Farmers Union's indemnity obligation is, therefore, governed by North Dakota contract law.  In North Dakota, "the interpretation of [a] contract is entirely a question of law" and appellate courts are instructed to "independently examine and construe the contract to determine if the district court erred in its interpretation of it."  Pamida, Inc. v. Meide, 526 N.W.2d 487, 490 (N.D. 1995).  Indemnity contracts are construed in accordance with the general rules for construction of contracts.  Hoge v. Burleigh County Water Management Dist., 311 N.W.2d 23, 27 (N.D. 1981).

Our independent examination of the contract language in this case leads us to the conclusion that Cahill's accident did occur "on or near" Farmers Union's leased property. Rolla Grain's property, where Cahill was injured, surrounds the Farmers Union facility. The accident took place about 100 feet from Farmers Union's land.  Contracts should be construed so that "every clause, sentence, or provision [is] given effect consistent with the main purpose of [the] contract."  Barsness v. General Diesel & Equip. Co., 422 N.W.2d 819, 824 (N.D. 1988).   To read "on or near" to exclude events that occur in such close proximity denies the "near" language any effect.

There are numerous other legal and factual points of contention between the parties.  Farmers Union argues that even if the accident occurred "on or near" its premises, no "act or omission" can be attributed to it, which is another predicate to its indemnification obligation.  Farmers Union has also unearthed evidence creating uncertainty as to whether it even took delivery of the car with the sticky brake.  Further, the parties disagree as to whether BN's letter tendering defense of the Cahill action

-4-

adequately notified Farmers Union of its potential liability. These and other disputes were not reached by the district court, since it based its ruling on the "on or near" language of the indemnity clause. We decline to pass on these issues without affording the district court the initial opportunity to consider them.

## III.   CONCLUSION

For the foregoing reasons the decision of the district court is reversed, and the case is remanded for additional proceedings consistent with this opinion.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.