# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2289

_____

| | | |
|---|---|---|
| Meterlogic, Inc., a Florida Corporation, | * | |
| | * | |
| | * | |
| Appellant. | * | |
| | * | |
| v. | * | |
| | * | |
| KLT, Inc., a Missouri Corporation; KLT Telecom, Inc., a Missouri Corporation; Copier Monitoring Systems, LLC; Copier Solutions, LLC; Telemetry Solutions, LLC, | * | Appeal from the United States District Court for the Western District of Missouri. |
| | * | |
| | * | |
| | * | |
| Appellees. | * | |
| | * | |
| | * | |
| _____ | * | |
| | * | |
| Meterlogic, Inc., a Florida Corporation, | * | |
| | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Copier Solutions, Inc., a Missouri limited liability company; Telemetry Solutions, LLC, a Delaware limited liability company; KLT, Inc., | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 15, 2004

Filed: May 24, 2004
_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and COLLOTON, Circuit
    Judges.
_____

WOLLMAN, Circuit Judge.

Meterlogic, Inc. appeals from the district court's[1] entry of summary judgment in favor of KLT, Inc. We affirm.

This case arises out of a contractual arrangement whereby Meterlogic and KLT agreed to cooperate to sell remote monitoring and metering technology and services for business machines. Meterlogic alleges that KLT made certain misrepresentations during the course of negotiations preceding execution of their agreement, resulting in substantial financial injury to Meterlogic. The district court entered summary judgment on counts I, IV, V, VI, and VII because they were entirely dependent on the damages-related testimony of Meterlogic's proffered expert, Lawrence Redler, which the district court excluded as unreliable. The district court also entered summary judgment on Meterlogic's remaining fraud claims because Meterlogic had failed to produce any evidence of legally cognizable damages. On appeal, Meterlogic argues (1) that Redler's testimony was erroneously excluded and (2) that it is entitled to recover all money lost as a result of KLT's alleged fraud.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Summary judgment is appropriate where there are no issues of material fact in dispute, such that no reasonable juror could return a verdict in favor of the non-moving party. Boerner v. Brown & Williamson Tobacco Corp., 260 F.3d 837, 841 (8th Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Thus, where the moving party can point to the absence of any evidence satisfying a necessary element of a claim, such as damages, and the non-moving party fails to produce any such evidence, summary judgment is properly entered. Id. ("The moving party is 'entitled to a judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.") (quoting Celotex Corp., 477 U.S. at 323); In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation, 113 F.3d 1484, 1497 (8th Cir. 1997).

We review for abuse of discretion the district court's decision to exclude Redler's testimony. Children's Broadcasting Corp. v. Walt Disney Co., 357 F.3d 860, 864 (8th Cir. 2004). The district court must exclude expert testimony if it is "so fundamentally unreliable that it can offer no assistance to the jury," otherwise, the factual basis of the testimony goes to the weight of the evidence. Id. at 865 (quoting Bonner v. ISP Techs., Inc., 259 F.3d 924, 929-30 (8th Cir. 2001), and Hose v. Chicago N.W. Transp. Co., 70 F.3d 968, 974 (8th Cir. 1995)). Redler was to testify regarding the discounted present value of Meterlogic's now-defunct business of providing remote monitoring and metering services for business machines. He predicted financial results ten years into the future even though the parties' contract extended only two years and allowed for termination at any time; he assumed that Meterlogic would be the sole representative of the appellees, even though the contract was a non-exclusive agreement; he assumed that the parties would have 30% market share in the remote monitoring and metering market, but admitted that he had no market research to support that estimate; he assumed 15% annual growth without any data indicating that the estimate was realistic; he admitted to having no data on how many remote monitoring and metering devices would be sold; and he admitted that

he based his analysis on the so-called Metzler report, which was prepared for KLT only as an investment-planning tool.

Given the nature of Redler's methodology, the district court concluded that his testimony was so unreliable as to be of no value to the finder of fact and therefore excluded it. The district court's observations that Redler failed to perform a market survey, send questionnaires to potential customers seeking to validate the Metzler report, or in any way attempt to account for what had occurred in the remote monitoring and metering market since the first quarter of 1999 lend credence to its conclusion. Additionally, the district court found that the Metzler report itself (upon which Redler premised his analysis) was based, in large part, on speculation about the potential for profit in the remote monitoring business, rather than on any substantiated facts.

Meterlogic attempts to salvage Redler's testimony by arguing that it is admissible because the Metzler report is an admission of a party opponent. However, KLT's commission of a study, the purpose of which was to investigate the potential of a new product market, does not, in and of itself, allow Meterlogic to bootstrap Redler's expert opinion testimony into evidence when KLT has demonstrated substantial, legitimate problems with his methodology. Children's Broadcasting Corp., 357 F.3d at 865.

We conclude that the district court did not abuse its discretion by excluding Redler's testimony. The district court's entry of summary judgment on count's I, IV, V, VI, and VII must therefore be affirmed because Meterlogic had no other evidence of damages. Boerner, 260 F.3d at 841 (holding that the non-moving party must make a sufficient factual showing as to each essential element of its claim to survive summary judgment).

We turn next to the district court's entry of summary judgment on Meterlogic's fraud claims. Notwithstanding the fact that Meterlogic failed to provide any admissible evidence of the present value of its lost future business opportunities, it argues that it should be able to recover at least the entire amount invested in its business (by itself or other entities) and lost as a result of KLT's alleged fraud. Under Missouri law, however, special damages in a fraud case are limited to those "incurred solely by reason of the fraud." In re Usery, 123 F.3d 1089, 1096 (8th Cir. 1997) (quoting Miller v. Higgins, 452 S.W.2d 121, 125 (Mo. 1970)). Often, this is money that is "plowed into" the business in reliance on the misrepresentation or money that is spent to mitigate the damage. Id. Here, Meterlogic has pointed to no losses it incurred, or money it plowed into the business, in reliance on KLT's alleged misrepresentation. Indeed, its tax returns demonstrate no losses for the years in question. Accordingly, the district court appropriately entered summary judgment for KLT on these claims.

The judgment is affirmed.

_____