SOO LINE RAILROAD COMPANY d/b/a Canadian Pacific Railway, a Minnesota corporation, Plaintiff,

v.

ENDERLIN FARMERS ELEVATOR, a North Dakota cooperative association, Defendant.

Civil File No. A3–03–112.

United States District Court, D. North Dakota, Southeastern Division.

Feb. 8, 2005.

Joann C. Toth, Patrick J. Sweeney, Spence Ricke Sweeney & Gernes PA, St. Paul, MN, for Plaintiff.

Bruce Hilding Carlson, McNair Larson & Carlson Ltd., Fargo, ND, for Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

ERICKSON, District Judge.

Before the Court is Plaintiff's Motion for Summary Judgment (doc. # 21). Defendant filed a brief in opposition (doc. # 26).

### SUMMARY OF HOLDING

Plaintiff, Soo Line Railroad Company ("the Railroad"), and Defendant, Enderlin Farmers Elevator ("the Elevator"), entered into a contract regarding the purchase and care for a spur track for the Elevator. The indemnity clause to this contract requires the Elevator to indemnify the Railroad for any payments it makes to an employee for injuries that occurred as the result of any act or omission of the Elevator. While this clause does not require the Railroad to prove negligence in order to receive payment from the Elevator, the Railroad must still show that some act or omission of the Elevator caused the injury to the employee. Since there is conflicting evidence on whether an act or omission caused this employee's injury, summary judgment is not appropriate. The same fact question precludes summary judgment on Plaintiff's common law premises liability theory.

### FACTS

On March 30, 2000, Stephen Davis, an employee of the Railroad, slipped, fell, and sustained injuries when he walked across the Elevator's spur track on his way to the main track. The Railroad paid Davis $170,000 in compensation for his injuries.

The Railroad and the Elevator are parties to a contract entitled "Track Agreement," dated November 17, 1989. Article 10B of the Track Agreement states, in relevant part:

> The [Elevator] shall indemnify and hold harmless the Railroad Company and its agents for any liability, claims, suits, judgments, cost and expense, including attorneys' fees, for loss, damage, injury or death to the person or property of the parties and their employees, and to the person or property of any other person or corporation, arising out of or connected with any act or omission, negligent or otherwise, of the [Elevator] or its employees or agents connected with this Track Agreement, the construction, use, maintenance or removal of any overhead unloading facilities described in Section 9 above, or the [Elevator's] presence or its performance of any activity on or about the Spur Track.

The Railroad argues that this clause requires the Elevator to indemnify it for the compensation paid to Davis.

## ANALYSIS

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court may award summary judgment to a party if there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Dico, Inc. v. Amoco Oil Co.,* 340 F.3d 525, 529 (8th Cir.2003). A court views the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the non-moving party. *Medtronic, Inc. v. U.S. Xpress, Inc.,* 341 F.3d 798, 800 (8th Cir.2003). The moving party bears the burden of demonstrating that there are no genuine issues of material fact. *Id.* If the moving party meets this burden, then the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Id.* If no reasonable juror could

return a verdict in favor of the non-moving party based on the evidence presented, summary judgment is appropriate. *Meterlogic, Inc. v. KLT, Inc.,* 368 F.3d 1017, 1018 (8th Cir.2004).

■■■ An industry's obligation to indemnify under a track agreement is a contractual duty and not a duty arising under the common law of tort. *Burlington N., Inc. v. Hughes Bros., Inc.,* 671 F.2d 279, 284 (8th Cir.1982) (citing *Mo. Pac. R.R. Co. v. Int'l Paper Co.,* 618 F.2d 492, 496 (8th Cir.1980)). Therefore, to recover under the indemnity agreement, the Railroad does not have to prove that the Elevator was negligent. *Burlington N., Railroad Co. v. Farmers Union Oil Co.,* 207 F.3d 526, 531 (8th Cir.2000) (citing *Burlington N., Inc. v. Bellaire Corp.,* 921 F.2d 760, 763 (8th Cir.1990)). This conclusion is reflected in the plain language of this agreement since the indemnity clause states that the act or omission may be negligent "or otherwise."

■■■ These track agreements are "made in contemplation of the railroad's liability under the FELA." *Hughes Bros.,* 671 F.2d at 284. The phrase "act or omission" in these contracts "includes any act or omission which constitutes a violation of the railroad's duty to provide a safe workplace, and thus, subjects it to liability under the act." *Bellaire Corp.,* 921 F.2d at 763 (quoting *Hughes Bros.,* 671 F.2d at 284). Ordinarily it is a question of fact whether an act or omission caused the injury. *Hughes Bros.,* 671 F.2d at 284; see also *Bellaire Corp.,* 921 F.2d at 763.

The Railroad has provided photographs of the Elevator's spur track, and it argues that these clearly show that the track was in an unsafe condition. The Railroad has also provided testimony from employees to describe the condition of the spur track. For example, Jack Close testified that bolts protruded from the track (*Close*

*Depo.* at 45), there were one to three inch holes in the ground near the track (*id.* at 45–47), and there was a wood splinter sticking up about two inches above the track (*id.* at 54–55). Percy Storhoff testified that one could "probably catch your boot" on the wood splinter sticking up from the track. (*Storhoff Depo.* at 14–15)

█ Despite these allegations about the unsafe condition of the spur track, there is a question of material fact as to whether any of these alleged conditions caused Davis' injury. On the Initial Injury Report, when he explains how the accident occurred, Davis wrote that he was "walking to train at house track crossing. Stepping to different elevation at the Worth Rail of House track." [*sic*] (Pl.Ex.4) In his testimony, Davis stated that he doesn't recall what caused him to fall. (Davis 8–18–04 Depo. at 66–69) Neither of these statements tie the cause of the injury to the holes in the ground near the track, the protruding bolts, or the two-inch splinter. Since a question of fact exists as to whether an act or omission caused Davis' injury, summary judgment is not appropriate. *Dico, Inc.,* 340 F.3d at 529.

Plaintiff argues that since it settled with Davis, this is conclusive proof that an act or omission of the Elevator caused Davis' injury. It cites a sentence from the International Paper case, which states that "the settlement of the FELA claim conclusively resolved the issue of liability. . . ." 618 F.2d at 495. Accepting Plaintiff's interpretation of the International Paper case would then create a conflict with the Hughes Bros. and Bellaire Corp. cases, which require the factfinder to determine whether the act or omission caused the injury regardless of whether the railroad settled the *FELA claim.* 671 F.2d at 284, 921 F.2d at 763.

In International Paper, a railroad employee was injured when the ground suddenly gave out underneath him. 618 F.2d at 494. His leg sank into an underground area that was filled with hot mud and steam, which caused serious burns to his leg. *Id.* The investigation following the accident revealed that one of International Paper's underground pipes had leaked steam into the ground, which caused the ground to give way and to inflict the burns on the employee. *Id.* There was a bench trial, *id.* at 495, and based on the evidence presented to the district court, the circuit court found that International Paper's act or omission caused the employee's injury, *id.* at 496–97.

Viewing the International Paper case in context then, it is in harmony with the other Eighth Circuit cases. There was a factfinder in International Paper, and it was determined that an act or omission of the indemnitor caused the injury to the employee. Once this fact determination was made, then the settlement agreement became conclusive proof of International Paper's obligation to indemnify the railroad. *Int'l Paper,* 618 F.2d at 495. As discussed above, there is a genuine issue of material fact, therefore summary judgment is not appropriate.

Defendant attempts to limit the language "any act or omission" in the agreement by referencing Article 5 of the agreement, which requires the Elevator to maintain the spur track "in compliance with at least Federal Railroad Administration Class I standards." Nowhere in the plain language of Article 10B does it limit the broad language "any act or omission" to these Federal Railroad Administration Class I standards. The Court will interpret "any act or omission" in accordance the cases mentioned above that have interpreted similar indemnity clauses.

█ As an alternative basis for summary judgment, Plaintiff argues that Defendant is liable under common law premises liability. "An occupier of premises

must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk." *O'Leary v. Coenen,* 251 N.W.2d 746, 751 (N.D.1977). Ordinarily the "reasonable person" standard is a question of fact. *Hart v. Kern,* 268 N.W.2d 136, 138 (N.D.1978). Just as the indemnity clause required, common law premises liability also requires proof that an unsafe condition caused Davis' injury. This raises the same genuine issue of material fact the Court discussed above. Therefore, summary judgment is also not appropriate under a premises liability theory.

## DECISION

Plaintiff's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.